IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 03-10364-RWZ |
| KENNETH WAGNER | : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
FOR PRODUCTION OF DISCOVERY

Comes now the United States of America, by Michael J. Sullivan, United States Attorney, and Nadine Pellegrini, Assistant United States Attorney for the District of Massachusetts, and files this Government's Opposition to Defendant's Motion for Production of Discovery as follows:

1. The government respectfully declines to provide any of the requested discovery on the grounds that none of the requested discovery is, in fact, discoverable pursuant to either Fed.R.Crim.P. 16 or Local Rules 116.1 or 116.2.

2. Neither 5 U.S.C. §§552, 5 U.S.C. §552(b)(6) or 5 U.S.C. §552a provide a substantive due process right to a defendant in a criminal case nor are the statutes controlling with respect to the investigative authority of the Department of Transportation, Office of the Inspector General. The statutes do not provide for any mechanism for discovery to be provided for the purposes of

"judicial review of an agency wrong" within the context of a criminal prosecution.

3. The defendant has failed to specifically define in what manner his Fourth and Fifth Amendment rights have allegedly been violated. A blanket statement, without more, is not sufficient.

## I. Background

The government makes the following statements in order to provide context for the court regarding the criminal prosecution. The following statements are based upon information and belief, such sources being a review of the government's file and other pertinent documents, including relevant statutes and regulations:

The Defendant, Kenneth Wagner, was employed as an Air Traffic Controller ("ATC") and was working at Logan International Airport. In such a position, WAGNER was required to have a medical certification order to hold that position. See 14 C.F.R. 67.413. Pursuant to 14 C.F.R. 67.413, it is incumbent upon the Administrator, in this case, the Regional Flight Surgeon, to determine whether or not the person holding the certificate has meet the requirements. If the Administrator determines that further information is required, the Administrator can request the certificate holder to furnish information and to authorize any clinic, hospital, physician or other person to release to the

Administrator all available information or records concerning the medical history.

In April of 2003, WAGNER was working his normal shift when he informed his supervisor that he was very stressed and had to leave for the day. He left and did not return. As a result of this action, the Federal Aviation Administration ("FAA"), specifically the Regional Flight Surgeon, Dr. Paul Clark, was informed of WAGNER's actions. Prior to permitting WAGNER to return to his position, Dr. Clark determined that he was need to see documentation from WAGNER's physician, psychotherapist and neurologist as to his treatment and/or condition. WAGNER was informed of this request by letter. As a result of the information received from WAGNER's treating physician, it was determined that WAGNER completed, signed and submitted to the FAA, an executive branch of the United States, a false Form 8500-8, Airmen's Medical Certificate. This form must be completed each year by ATCs, as well as pilots, which gives them medical clearance to do their jobs. This form is personally completed and signed by each ATC and is reviewed in their presence by a physician of their choosing during their mandatory required annual physical. Sections on this form ask detailed questions as to the applicant's current and lifelong medical history. It was determined that WAGNER had concealed material facts and that the Form 8500 contained materially false,

fictitious and fraudulent statements and representations. Making materially false, fictitious and fraudulent statements and representations in any matter within the jurisdiction of the executive branch of the United States government is a violation of 18 U.S.C. §1001.

The FAA is an administration within the Department of Transportation ("DOT"), an agency within the executive branch of the U.S. government. The Inspector General of the DOT, pursuant to 49 U.S.C. §354, has statutory authority to conduct allegations of criminal activity. 49 U.S.C. §354 reads, in pertinent part: "The statutory authority of the Inspector General of the Department of Transportation includes authority to conduct, pursuant to Federal criminal statutes, investigations of allegations that a person or entity has engaged in fraudulent or other criminal activity relating to the programs and operations of the Department or its operating administrations."

In addition, pursuant to 5 U.S.C. Appendix 3, the Inspector General Act of 1978, the Inspector General "is authorized - to have access to all records, reports, audits, reviews, documents, papers, recommendations, or other material available to the applicable establishment which relate to programs and operations with respect to which that Inspector General has responsibilities under this Act."

## II. 5 U.S.C. §552 and 552(b)(6) and 5 U.S.C. §552a do not provide basis for discovery in criminal case

5 U.S.C. §552 et. seq., the Freedom of Information Act ("FOIA"), provides mechanisms by which federal agencies, upon request, make disclosures of information to the public. "[FOIA's] basic policy of "'full agency disclosure unless information is exempted under clearly delineated statutory language,'" indeed focuses on the citizens' right to be informed about what their government is up to. Official information that sheds light on an agency's performance of its statutory duties falls squarely within that statutory purpose." Department of Justice v. Reporters Comm. for Freedom of Press, 489 U.S. 749, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989).

FOIA's provisions are simply is not relevant to a criminal prosecution and do not, in fact, provide for discovery. "We hold that in criminal cases the Freedom of Information Act does not extend the scope of discovery permitted under Rule 16. The limitations of Rule 16 are controlling." United States v. United States District Court, Central District of California, 717 F2d. 478 (9th Cir.1983).

While 5 U.S.C. §552(b)(6) exempts from disclosure personnel and medical files, it is exempting those items from disclosure to *the public* as set forth in subsection (a) of FOIA.

5

There is also no safe harbor within the Doe v. Stephens, 851 F.2d 1457 decision cited by the Defendant. In Doe, the district court dealt with a specific Veteran's Administration regulation. This was not a case involving an Inspector General. The regulation promulgated by the VA permitted disclosure in response to a federal grand jury subpoena and defined such as "routine use." However, the district court held that the VA regulation was not compatible with the Privacy Act's definition of routine use at 5 U.S.C. §552a(a)(7).

Not only is that factual situation inapposite to this case, it does not address 5 U.S.C. §552a(b)(7) which does, in fact, provide for disclosure "for criminal law enforcement."

Finally, the defendant simply states that the obtaining of information was in violation of his Fourth and Fifth Amendment rights. His conclusory statements are without specific attribution to facts or circumstances as such relate to the applicable and controlling law and cannot suffice as a basis for the motion for discovery.

WHEREFORE, the government respectfully requests that the court deny the motion in its entirety.

                                    Respectfully submitted,
                                    MICHAEL J. SULLIVAN
                                    United States Attorney

                              By:   /s/ Nadine Pellegrini
                                    Nadine Pellegrini
                                    Assistant U.S. Attorney

6

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

>   James H. Budreau, Esq.
>   Oteri, Weinberg & Lawson, PA
>   20 Park Plaza
>   Boston, MA 02116

This 5th day of March, 2004.

/s/ Nadine Pellegrini
Nadine Pellegrini
Assistant U.S. Attorney