UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
03-10364-RWZ


UNITED STATES OF AMERICA


v.


KENNETH WAGNER


ORDER

March 10, 2004

COHEN, M.J.

Pursuant to Rules 7.1(d) and (e) of the Local Rules of this Court [effective September 1, 1990], and upon review of the relevant pleadings, defendantís Motion for Production of Discovery (# 12) is denied in all respects.

1.    To the extent that defendant heralds the Freedom of Information Act as a font for seeking production of documents beyond that which is required by Rule 16 of the Federal Rules of Criminal Procedure or the Local Rules of this Court, it is settled that the Freedom of Information Act cannot - and should not - be used as a means for seeking discovery beyond that contemplated by Rule 16, F.R. Crim. P. *E.g.*, *North v. Walsh*, 881 F.2d 1088, 1095 (D.C. Cir. 1989); *United States v. Murdock*, 548 F.2d 599, 602  (5th Cir.1977); *United States v. United States District Court (DeLorean)*, 717 F.2d 478, 480 (1983);

2.    To the extent that defendant, by way of his motion, seeks to determine which, if any, of the referred to documents are in the possession of the government for the purpose of filing a motion to dismiss the indictment,[1] even assuming that the defendant has any rights under the Freedom of Information Act *vis a vis* government investigators, and even assuming that reference to those documents constituted a violation of defendantís Fourth and Fifth Amendment right, a dubious position, indeed, it is well settled that an indictment full and fair on its face is <u>not</u> subject to challenge on the grounds that illegally seized evidence was presented to the grand jury. *E.g.*, *United States v. Calandra,* 414 U.S. 338,  349-52 (1974); *United States v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002);[2]

---

[1]    On page 3 of his motion, defendant says:

If such evidence was presented to the grand jury, then this Court must redact that improper testimony and evidence pursuant to ∂ 552 and Mr. Wagnerís rights pursuant to the Fourth and Fifth Amendments to the United States Constitution and determine whether the grand jury heard sufficient evidence to indict Mr. Wagner.

And on page 4 he says:

If any of these protected documents or information was directly or indirectly presented to the grand jury, then the indictment may be sufficient tainted to require dismissal.

[2]    One Court has recently restated these principles as follows:

In addition to his inability to attack collaterally his conviction and sentence following a guilty plea, Mr. Salazar's argument that the grand jury's indictment must be dismissed based upon alleged defects in the evidence used by the grand jury is similarly unavailing.   Whether the alleged defect in the grand jury's indictment is a result of violation of the Fourth Amendment or of 18 U.S.C. ß 2515 ("no part of the contents of such [intercepted wire or oral] communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court [or] grand jury ...."), "improper use of tainted evidence in the grand jury proceeding," Aplt. Br. at 18, is not, contrary to Mr. Salazar's assertion, a jurisdictional defense.   The Supreme Court has squarely held that defects in an indictment are not "jurisdictional," *United States v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002) ("[D]efects in an indictment do not deprive a court of its power to adjudicate a case."), and, regardless, the Fourth Amendment exclusionary rule does not apply to grand jury proceedings. *United States v. Calandra,* 414 U.S. 338,  349-52, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974).

Mr. Salazar also argues that the ß 2515 admissibility prohibition is analogous to that found in 18 U.S.C. ß 6002, concerning restrictions on immunized testimony or information, and

(continued...)

3.    To the extent that defendant, by way of his motion, seeks to determine which, if any, of the referred to documents are in the possession of the government for some other undefined purpose, the defendant has fallen far short of establishing the basis of his predicate.  That is to say, the defendant has advanced absolutely nothing towards his merely conclusory suggestion that perusal of the referred to documents (all of which were and are, quite obviously, in the possession, custody, and control, of the government in the first place) by government agents constitutes a violation of his Fourth and Fifth Amendment.  That is, on the basis of this record, pure gossamer.  So, too, with his suggestion that perusal of the referred to documents constitutes a violation of the Freedom of Information Act, since it is readily apparent that perusal of the referred to documents are not inconsistent with the Freedom of Information Act. *See* 5 U.S.C. ß 552(b).[3]

---

[2]    (...continued)
requires the government to prove that evidence it uses is not linked or tainted by immunized testimony or information.   Aplt. Br. at 12 (citing *United States v. Hubbell,* 530 U.S. 27, 120 S.Ct. 2037, 147 L.Ed.2d 24 (2000), and *Kastigar v. United States,* 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972)).   Though important rights may be vindicated in a suppression hearing under ß 2515, or a *Kastigar* hearing under ß 6002, neither statute imposes a jurisdictional bar on prosecutions.

*United States v. Salazar*, 323 F.3d 852, 856-857 (10th Cir. 2003).

[3]    That section of the Act provides in pertinent part:

b) **Conditions of disclosure**.--No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be--

(1) to those officers and employees of the agency which maintains the record who have a need for the record in the performance of their duties;

*    *    *    *    *

(7) to another agency or to an instrumentality of any governmental jurisdiction within or under the control of the United States for a civil or criminal law enforcement activity if the activity

(continued...)

Defendantís Motion for Production of Discovery (# 12) is accordingly denied in all respects.


UNITED STATES MAGISTRATE JUDGE

---

[3]    (...continued)
is authorized by law, and if the head of the agency or instrumentality has made a written request to the agency which maintains the record specifying the particular portion desired and the law enforcement activity for which the record is sought...(Emphasis added).

For this reason, defendantís reliance on *Doe v. Stephens* (*Doe III*), 851 F.2d 1457 (D.C. Cir. 1988), is simply misplaced.  That case did <u>not</u> involve a disclosure of matters within the purview of the Freedom of Information Act.  To the contrary, that case involved materials covered by the Veterans' Records Statute, 38 U.S.C. ß 3301, a statute which, by its terms, and subsequent Congressional action, is far more protective than the Freedom of Information Act. *See Doe v. DiGenova (*Doe II)*, 779 F.2d 74, 78-79 (D.C. Cir. 1985).