UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>KENNETH WAGNER    ) | Cr. No. 03-10363-RWZ |

### KENNETH WAGNER'S MOTION FOR RECONSIDERATION OF HIS DISCOVERY REQUEST OR, ALTERNATIVELY, DEFENDANT'S REQUEST FOR LEAVE TO FILE SUPPLEMENTAL DISCOVERY REQUEST
(Memorandum Incorporated)

Now Comes defendant, Kenneth Wagner, who respectfully moves this Court to (1) reconsider its order denying his request that the government produce documents relating to their procurement of his private medical records from the Federal Aviation Administration ("FAA"); or, alternatively, (2) grant him leave to file supplemental discovery request. In support, defendant states the following:

1. Defendant's original discovery request mistakenly requested that the government produce documents pursuant to 5 U.S.C. Section 552. This section relates to the Freedom of Information Act, and is generally inapplicable to the issues raised by the defendant.

2. Defendant intended to reference Title 5 U.S.C. Section 552a as the core driver for his request. This section is referred to the Privacy Act and governs the disclosure of private

1

medical records by governmental agencies regardless who the receiver is. See <u>United States v. DiGenova</u>, 779 F.2d 74 (DCDC 1985) See Section 552a(a)(4) and 552a(b).

3. While Section 552a generally prohibits the disclosure of such records by an agency, there is a law enforcement exception which allows for such disclosures if the purpose for criminal law enforcement. Section 552a(b)(7).

4. While defendant does not dispute the fact that the FAA had the right to disclose an employee's medical documents to the Department of Justice (DOJ) for law enforcement purposes pursuant to subsection (b)(7), there are important administrative hurdles that the DOJ and the FAA must satisfy before such disclosures can be made. See <u>Covert v. Harrington</u>, 876 F.2d 751 (9th Cir. 1989) and <u>Britt v. Naval Investigative Services</u>, 886 F.2d 544, 547-548 (3rd Cir. 1989)

5. Specifically, the DOT and FAA have an obligation to inform an employee that the collection of his private medical information could be provided to law enforcement agencies. See <u>Covert v. Harrington</u>, 876 F.2d 751 (9th Cir. 1989) See Section 552a(e)(A-D) In the instant case, defendant does not remember receiving any such notification when the most recent information was collected to support his request for time off in 2003.[1] See

---

[1] Whether or not his original application for the flight controller position had a warning that his statements could be prosecuted for false statements or material representations is

2

Affidavit of Counsel attached hereto as Exhibit A.

6. Based upon the above, defendant moves this Court to order the government to produce the following documents so that he can determine whether his FAA medical information was provided in violation of the Privacy Act and his right to privacy under the Fourth Amendment to the United States Constitution:

a. All documents that show that Mr. Wagner was notified in advance that the collection of the supplemental medical documents in 2003 could be used to prosecute him criminally. See Covert v. Harrington, supra.

7. Defendant also again requests all statements made by Mr. Wagner including but not limited to, the Form 8500-8[2] referenced in the interview conducted by the FBI of Mr. Wagner on December 4, 2003. See Excerpt of Interview attached as Exhibit B. This interview suggests that the FBI agent interrogated Mr. Wagner about a statement signed by him which supposedly forms the basis for the government's indictment. The existence of this signed form contradicts the government's statement in its original Rule 16 disclosures that it possesses no written statements by the defendant. See Excerpts from January 20, 2004 Rule 16 Disclosure Letter attached as Exhibit C.

---

unknown as defendant has not received a copy of this document from the government.

[2]This Form 8500-8, if signed by Mr. Wagner, would be a written statement.

3

Wherefore, defendant moves this Court to grant his Motion and the requests for discovery outlined in Paragraphs 6(a) and 7 above.

Respectfully submitted,
BY HIS ATTORNEY,

_____
JAMES H. BUDREAU, BAR#553391
20 Park Plaza, Suite 905
Boston, MA 02116
(617) 227-3700

I hereby certify that a true and correct copy of the foregoing document was served by hand on the 11th day of March 2004 to Assistant U.S. Nadine Pellegrini by hand.

_____
James H. Budreau

4