IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 03-10364-RWZ |
| KENNETH WAGNER | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR SUPPLEMENTAL DISCOVERY

Comes now the United States of America, by Michael J. Sullivan, United States Attorney, and Nadine Pellegrini, Assistant United States Attorney for the District of Massachusetts, and files this Government's Opposition to Defendant's Supplemental Motion for Discovery as follows:

The government respectfully declines to provide any of the requested discovery listed in paragraphs 6 and 6a on the grounds that the requested discovery is not, in fact, discoverable pursuant to 5 U.S.C. §552a nor discoverable pursuant to any rules of relating to production of discovery.

### Privacy Act (5 U.S.C. 552a) does not provide for exclusion

The Defendant requests that the government provide discovery in order that the Defendant can determine whether information was supplied to the government in violation of the Privacy Act and "his right to privacy under the Fourth Amendment." Defendant's Memo, p. 3.  While it is not clear from this or from the Defendant's initial filing exactly in what manner the Fourth Amendment is implicated, to the degree that the Defendant's

argument is based upon the Privacy Act, such a claim does not provide for either discovery or redress.

Assuming only for the sake of argument that a violation of the Privacy Act was, in fact, present, discovery within the confines of a criminal case could provide no avenue of recourse based upon a Fourth Amendment claim. A violation of the Fourth Amendment might require exclusion of the evidence but "[t]he purpose of the exclusionary rule is not to redress the injury to the privacy of the ... victim...." United States v. Calandra, 414 U.S. 338, 346 (1974). To the extent the Defendant is still alleging a need to determining the nature of the evidence presented to the Grand Jury, that avenue is also foreclosed. "The Supreme Court has rejected, as unnecessary to the assurance of a fair trial ... 'a rule permitting defendants to challenge indictments on the ground that they are not supported by adequate or competent evidence.'" United States v. DeVincent, 632 F.2d 147, 155 (1st Cir. 1980), quoting Costello v. United States, 350 U.S. 359 (1956).

Notification to Defendant is not required by 5 U.S.C. §552a

While the Defendant's request for discovery is foreclosed by Fed.R.Crim.P 16 and Local Rule 116.1, and while a court need not reach the issue of whether or not the Privacy Act is implicated, for purposes of the record, the government states the following: The provisions cited by the Defendant regarding notification,

specifically 5 U.S.C. 552a(e)(A-D) do not, in fact, refer to criminal investigations.  Moreover, pursuant to regulations promulgated by the Secretary of the Department of Transportation, of which both the DOT/IG and FAA are a part, 49 C.F.R. Pt. 10, App., specifically exempts from 5 U.S.C. 552a (e)(A-D) and other sections, "information compiled for the purpose of a criminal investigation" and "reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws."  As the language of 49 CFR Pt. 10 notes, an exemption from notification is necessary "because providing such notice to the subject of an investigation, or to other individual sources, could seriously compromise the investigation...."  Therefore, there is no administrative hurdle for DOT/IG, FAA or DOJ pursuant to the Privacy Act and there can be no basis for a claim of a violation pursuant thereto.

Document Request

As the government has previously noted in its initial discovery letter, all documents, books, records, and other materials which are in the possession of the government are available for inspection and copying.  The government notes that Form 8500 is the form listed in the indictment as the writing containing the false representations of the Defendant  It is therefore, the *res gestae* of the criminal case.  As such, it is not a "written statement" as considered by Fed.R.Crim.P. 16.

Therefore, there is no contradiction between the discovery letter and the agents statement which, the government notes, is from an agent of the DOT/IG and not the FBI. In any event, all documents are available for inspection and copying at any mutually convenient time.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Nadine Pellegrini
Nadine Pellegrini
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

> James H. Budreau, Esq.
> Oteri, Weinberg & Lawson, PA
> 20 Park Plaza, Suite 905
> Boston, MA 02116

This 23rd day of March, 2004.

/s/ Nadine Pellegrini
Nadine Pellegrini
Assistant U.S. Attorney