UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
03-10364-RWZ

UNITED STATES OF AMERICA

v.

KENNETH WAGNER

ORDER

March 31, 2004

COHEN, M.J.

Pursuant to Rules 7.1(d) and (e) of the Local Rules of this Court [effective September 1, 1990], and upon review of the relevant pleadings, it is hereby ordered as follows with respect to the motions currently pending before this court:

1. Defendant's Motion for Reconsideration of His Discovery Request (# 15) is denied for the reasons previously set forth in the Order (# 14) of this court dated March 10, 2004, and for the reasons set forth in the Opposition (# 19) filed by the government. Whether cast as a Freedom of Information Act matter, or a Privacy Act matter, neither statute provides an additional avenue of relief for discovery in criminal cases - a matter governed by Rule 16, F.R. Crim. P. *E.g.*, *North v. Walsh*, 881 F.2d 1088, 1095 (D.C. Cir. 1989); *United States v. Murdock*, 548 F.2d 599, 602 (5th Cir.1977); *United States v. United States District Court (DeLorean)*, 717 F.2d 478, 480 (1983). And whether cast as a Freedom of

Information Act matter or a Privacy Act matter, even if it is assumed that either Act was violated, resulting in tainted evidence having been presented to the grand jury, that would not warrant dismissal of the indictment, *e.g.*, *United States v. Calandra,* 414 U.S. 338, 349-52 (1974); *United States v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002), and that would not warrant the suppression of evidence at trial.[1]  Defendant's Motion for Reconsideration of His Discovery Request (# 15) is accordingly denied.[2]

2. Defendant's Motion to Modify Conditions of Release (# 16), as supplemented by his Reply (# 20) is denied as drafted.  To the extent that the defendant seeks permission to travel within the contiguous United States to search for a new residence, he may do so upon providing Pretrial Services, forty-eight hours in advance, an itinerary setting forth when he will travel, to where he will travel, the means by which he may be contacted while traveling,[3] and when he intends to return.  To the extent, however, that the defendant now seeks modification to change his residence, that request is premature at this time.  Should the defendant be in a position to acquire a new residence, wherever that might be,

---

[1] Neither in the original motion nor here has the defendant set forth any basis or authority that a violation of the Freedom of Information Act or the Privacy Act is the equivalent of a Fourth Amendment violation warranting an application of the exclusionary rule which, at bottom, suppresses, rather than advances, the truth-finding process.

[2] To the extent that the motion for reconsideration seeks certain documents, this court finds and concludes that all documents to which the defendant is entitled is already available to him for inspection and/or copying.

[3] This case is in a posture where it may soon be referred back to the trial judge for trial. Accordingly, if the defendant should travel, we must know a means by which he can be contacted by Pretrial Services so that he appears at trial as required.

the motion, if then and there not moot,[4] may be represented with the details including location, dates of the move, and other matters deemed pertinent by Pretrial Services.

3. As drafted, defendantís Motion to Continue the Final Status Date and for Leave to File a Motion to Suppress (# 21) is allowed in part and denied in part.  It is allowed to the extent that the defendant, after consultation with the attorney for the government,[5] may file a motion to suppress, provided that that motion is filed on or before the close of business, April 9, 2004.  To the extent that the defendant seeks to continue the Final Status Conference, the motion is allowed, but only to April 21, 2004, at 2:15 p.m., subject to the excludable time order set forth below.

4. This court further finds and concludes, pursuant to the provisions of 18 U.S.C. ß3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), that the interests of justice--*i.e.*, in this case, to provide defendant additional time within which to file a motion to suppress -- outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

---

[4] If the defendant proceeds to trial, is convicted, and sentenced to imprisonment, those circumstances may well foreclose any move at this time.

[5] Consultation is especially appropriate in this case.  It may well be that the government does not even intend to use the statement referred to in his motion.  If not, a motion to suppress would be superfluous and wasteful.

Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. ß3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), the Clerk of this Court enter excludable time, commencing March 25, 2004 (the date on which the motion to continue was filed), and concluding April 21, 2004, the date of the continued Final Status Conference.[6]

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also, Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).