IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA      :
                              :      CRIMINAL ACTION
         v.                   :
                              :      NO. 03-10364-RWZ
KENNETH WAGNER
```

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR SUPPRESSION OF STATEMENTS AND ORDER DENYING GOVERNMENT RIGHT
TO USE STATEMENTS FOR CROSS-EXAMINATION/IMPEACHMENT

Comes now the United States of America, by Michael J. Sullivan, United States Attorney, and Nadine Pellegrini, Assistant United States Attorney for the District of Massachusetts, and files this GOVERNMENT'S RESPONSE as follows:

1. The government states that it does not intend to use the statements made by the defendant in response to questions posed by government agents to the defendant subsequent to the issuance of the indictment in its case-in-chief.

2. The government does seek to reserve the right to use the statements at issue for cross-examination/impeachment should the Defendant take the stand during the course of the trial. The government further states that, as set forth below, that suppression of the statements in this regard is not warranted.

THE STANDARD FOR USE AS IMPEACHMENT/CROSS-EXAMINATION

The statements at issue were made by the Defendant in response to questions by federal law enforcement agents subsequent to his indictment and in the absence of counsel. The statements were therefore were obtained in violation of the Sixth Amendment standard as set forth in Massiah v. United States, 377 U.S. 201, 206. (1964)(Violation occurs "when there [is] used against [the Defendant] at his trial ... his own incriminating words, which federal agents ... deliberately elicited from him after he had been indicted and in the absence of his counsel." Massiah, 377 U.S. at 206.  In Michigan v. Jackson, 475 U.S. 625 (1986), the Supreme Court ruled that such evidence obtained pursuant to an invalid waiver of the Sixth Amendment was inadmissible in the prosecution's case-in-chief.  In 1988, Patterson v. Illinois, 487 U.S. 285, 108 S.Ct. 2389, the Supreme Court held that a defendant "may execute a knowing and intelligent waiver of that [Sixth Amendment] right in the course of a police-initiated interrogation."  Finally, in Michigan v. Harvey, 494 U.S. 344, 110 S.Ct. 1176 (1990),  the Supreme Court ruled that while the prosecution could not use evidence obtained in violation of the Sixth Amendment in its case-in-chief, "the use of statements so obtained for impeachment purposes is a different matter," Id. at 351, and was, upon a showing that the

statements were knowing and voluntary, admissible for the purpose of impeachment. "We have consistently rejected arguments that would allow a defendant to 'turn the illegal method by which evidence in the Government's possession was obtained to his own advantage, and provide himself with a shield against contradiction of his untruths." Id.

"The key inquiry with respect to the admission of inculpatory statements for the limited purpose of impeachment is the question of whether the statements were voluntary and not coerced." United States v. Martin, 974 F.Supp. 677 (C.D.Illinois) (2003), citing Oregon v. Haas, 420 U.S. 714, 722. (1975).

"A confession will be found to be voluntary only if the government can demonstrate that, under the totality of the circumstances and by a preponderance of the evidence, it was not secured by the government through psychological or physical intimidation, but rather was the product of a rational intellect and free will." United States v. D.F., 115 F.3d 413, 419 (7th Cir. 1997). Under that standard, the government contends that the Defendant's statements are admissible for the purposes of impeachment.

The government denies that the Defendant was told that he could not have a union representative with him and further denies that the Defendant was threatened with arrest. Prior to the

interview, the Defendant was advised by the investigators, who identified themselves verbally and by showing credentials, that they were there for the purpose of presenting documents to the Defendant and that the Defendant might consider these documents to be of a personal and private nature. (The documents were a copy of the instant indictment and a summons to appear in federal court). The Defendant was advised that after service of the papers, the union representative, who remained outside the door during the service of the documents could, if the Defendant wished, be present for the interview. At no time was the Defendant advised that he could not have a union representative present for the interview. Further, at no time was the Defendant was advised that he "could have been arrested" or that he would be arrested if he did not speak. On the contrary, the Defendant was advised several times that he did not have to speak with investigators, that he could leave at any time, and that he was free to seek the advice of the union representative or any other person that he wished at any time. The Defendant indicated that he understood that he was free to leave and agreed to speak with the investigators.

Additionally, the notes of the investigators have been reviewed and they are, in fact, consistent with the interview statement of the investigators. Therefore, the notes are not

exculpatory. While the notes are preserved pursuant to the Local Rules, the notes are not discoverable and required to be produced at this time.

Wherefore, the government respectfully requests an order permitting the government to use the statements upon cross-examination or, in the alternative, an evidentiary hearing to determine the admissibility of the statements for that purpose.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/Nadine Pellegrini
Nadine Pellegrini
Assistant U.S. Attorney
U. S. Attorney's Office
John Joseph Moakley Courthouse

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by fax:

James Budreau, Esq.
The Statler Building, Suite 905
20 Park Plaza
Boston, MA
02116

617-338-9538

This 27th day of April, 2004.

/s/Nadine Pellegrini
Nadine Pellegrini