```
                IN THE UNITED STATES DISTRICT COURT

              FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA       :
                               :       CRIMINAL ACTION
          v.                   :
                               :       NO. 03-10364-RWZ
KENNETH WAGNER
```

**GOVERNMENT'S MEMORANDUM IN REGARDS TO STANDARD OF DETERMINATION REGARDING STATEMENTS SOUGHT TO BE ADMITTED FOR PURPOSES OF CROSS-EXAMINATION**

Comes now the United States of America, by Michael J. Sullivan, United States Attorney, and Nadine Pellegrini, Assistant United States Attorney for the District of Massachusetts, and files this **GOVERNMENT'S MEMORANDUM** as follows:

1. The standard of review to be applied by the court in determination of whether the government may use statements of defendant for purposes of cross-examination is whether or not the statements were made knowingly and voluntarily.

2. In order to prevail, the government does not need to show a knowing and voluntary waiver of the right to counsel.

*I. Introduction*

Prior to the taking of testimony during the instant case, this court expressed some question as to the holding of Michigan v. Harvey, 494 U.S. 344, 110 S.Ct. 1176, particularly in light

of the last line of the decision which state as follows: "Those facts are not before use, however, and we need not consider the admissibility for impeachment purposes of a voluntary statement obtained in the absence of a knowing and voluntary waiver of the right to counsel." 494 U.S. at 354.  That however, is not the holding of the Harvey case but merely the Court's remark on a *second* alternative assertion made by the Defendant regarding a purported "core value" violation. The Defendant was requesting that the Court find an egregious violation of his right to counsel so that the statements would be deemed inadmissible for *any* purpose.  The Court did not reach that issue because the record was insufficient on whether there was a "core violation." However, the Court **did** rule on the question before it: whether a statement to police taken in violation of the Court's ruling in Michigan v. Jackson, 475 U.S.  625[1], can be admitted to impeach a defendant's inconsistent trial testimony.  The Court's decision was that statements taken in violation of the "prophylactic rule" announced in Michigan v. Jackson could be used to impeach a defendant's testimony upon a finding that the statements were made voluntarily.

---

[1] In Michigan v. Jackson, 475 U.S. 625 (1986), the Court established a prophylactic rule that once a criminal defendant invokes his Sixth Amendment to counsel, statements obtained in violation of that right may not be admitted as substantive evidence in the government's case-in-chief.

***II. The Michigan v. Harvey analysis***

In 1986, Tyris Harvey was arrested, taken into custody, arraigned, and assigned an attorney to represent him.  <u>Michigan v. Harvey</u>, 494 U.S. at 346.  Several months later, Harvey told a police officer that he wanted to make a second statement, but did not know whether he should talk to his lawyer.  <u>Id</u>.  The officer told Harvey that he did not need to speak with his lawyer because "'his lawyer was going to get a copy of the statement anyway.'"  <u>Id</u>.  Harvey then made a written statement which was used to impeach him upon cross-examination.  <u>Id</u>., at 347. Harvey was convicted and he appealed.  The Michigan Court of Appeals reversed the conviction and held that the statements were inadmissible <u>even</u> for impeachment use because of the Sixth amendment violation.  <u>Id</u>. at 347-348.  The Michigan Supreme Court denied leave to the government to appeal. The  United States Supreme Court granted *certioari* and reversed.

The Supreme Court noted that its earlier ruling in <u>Michigan v. Jackson</u>, 475 U.S. 625, established a "prophylactic rule" regarding the invoking of a defendant's Sixth Amendment rights and any subsequent waiver.  Any waiver in a discussion initiated by police was presumed invalid.  The Court stated that while the <u>Jackson</u> decision dealt with the Sixth Amendment, "its roots lie in this Court's decision in <u>Miranda v. Arizona</u>, and succeeding

cases." Michigan v. Jackson, 49 U.S. at 351. The prophylactic rule set forth in Jackson is identical to the rule set forth in Edwards v. Arizona, 451 U.S. 477, which was in the context of the Fifth Amendment privilege against self-incrimination. ("Edwards thus established another prophylactic rule designed to prevent police from badgering a defendant into waiving his previously asserted Miranda rights." Id., 494 U.S. at 351.) The Court then followed its exclusionary analysis through the line of cases subsequent to Edwards, relying particularly upon the holding of Harris v. New York, 401 U.S. 222, which held that voluntary statements taken in violation of the prophylactic rule could still be used for cross-examination (" [W]e have consistently rejected arguments that would allow a defendant to 'turn the illegal method by which evidence in the Government's possession was obtained to his own advantage, and provide himself with a shield against contradiction of his untruths.'" Id.) In the Harvey decision, the Court determined that admissibility of statements taken in violation of the Sixth Amendment was governed by the same principles as those taken in violation of the Fifth Amendment; that is, upon a showing that the statements were made voluntarily, the statements could be used for cross-examination. The reason for the use of the statements was explained thus:

> We have never prevented use by the prosecution of relevant voluntary statements by a defendant particularly when the violations alleged by a defendant relate only to procedural safeguards that are 'not themselves rights protected by the Constitution.'(quoting Michigan v. Tucker, 417 U.S. 433 (1974).
>
> The Court went on to explain that:
>
> We have already decided that although statements taken in violation of only the prophylactic *Miranda* rules may not be used in the prosecution's case in chief, they are admissible to impeach conflicting testimony by the defendant.
>
> \*\*\*
>
> We have mandated the exclusion of reliable and probative evidence for *all* purposes only when it is derived from involuntary statements. (emphasis in original).

Id., at 351.

Harvey submitted a second alternative argument in trying to persuade the Supreme Court to deny the admissibility of his statements. Harvey argued that the police officers committed a "core violation" of the his Sixth Amendment rights and that, based upon that violation, the statements should be inadmissible for any purpose. The "core violation" was based upon what Harvey characterized as affirmatively misleading him as to his need for counsel. The Court rejected the invitation to make such a determination on the record before it. In fact, the Court has not re-visited this issue. It has not made a determination of what is a core violation and what should, or should not, happen if a core violation is determined to have occurred.[2]

---

[2] The recent Supreme Court case of Fellers v. United States, 124 S.Ct. 1029(2004) does not change this analysis nor does it

In <u>United States v. Bender</u>, 221 F,3d 265 (1st Cir. 2000), the defendant was in prison awaiting trial and was represented by counsel. While awaiting trial, an undercover agent had conversations with Bender that the government sought to use in its case-in-chief. The district court suppressed the statements, finding that such were taken in violation of Bender's right to counsel. The First Circuit affirmed the suppression of the statements and concluded that "nothing prevents the government from using Bender's statements, if knowing and voluntary, for the purpose of impeachment, if he testifies", 221 F.3d at 271, citing <u>Michigan v. Harvey</u>, 494 U.S. at 351.

***CONCLUSION***

"The key inquiry with respect to the admission of inculpatory statements for the limited purpose of impeachment is the question of whether the statements were voluntary and not coerced." <u>United States v. Martin</u>, 974 F.Supp. 677 (C.D.Illinois) (2003), citing <u>Oregon v. Haas</u>, 420 U.S. 714, 722. (1975).

"A confession will be found to be voluntary only if the government can demonstrate that, under the totality of the circumstances and by a preponderance of the evidence, it was not secured by the government through psychological or physical intimidation, but rather was the product of a rational intellect

---

offer any further safe harbor for the Defendant. <u>Fellers</u> does not address the use of statements solely for cross-examination but simply addressed which whether there should be a Fifth Amendment or a Sixth Amendment analysis applied to determine the admissibility of a jail house confession.

and free will." United States v. D.F., 115 F.3d 413, 419 (7th Cir. 1997).

Under that standard, the government contends that the Defendant's statements are admissible for the purposes of impeachment.

The government respectfully requests that the court deny the Defendant's Motion for Suppression.

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney

By:  /s/Nadine Pellegrini
     Nadine Pellegrini
     Assistant U.S. Attorney
     U. S. Attorney's Office
     John Joseph Moakley Courthouse

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by electronic filing:

     James Budreau, Esq.
     The Statler Building, Suite 905
     20 Park Plaza
     Boston, MA
     02116

This 29th day of June, 2004.

          /s/Nadine Pellegrini
          Nadine Pellegrini