UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

2004 JUN 30 P 1:07

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 03-10363-RWZ |
| ) | |
| KENNETH WAGNER ) | |

**KENNETH WAGNER'S REPLY TO
GOVERNMENT'S MEMORANDUM IN REGARDS TO
STANDARD OF DETERMINATION REGARDING STATEMENTS
SOUGHT TO BE ADMITTED FOR PURPOSE OF CROSS-EXAMINATION**

Now Comes, defendant, Kenneth Wagner, who respectfully replies to the Government's Memorandum In Regards To Standard Of Determination Regarding Statements Sought To Be Admitted For Purpose Of Cross-Examination. In support of defendant's position, he states the following:

1. The standard of review in a Sixth Amendment "core violation" case is whether the defendant knowingly and voluntarily waived his right to counsel.

2. If the government cannot satisfy its burden of proof that Mr. Wagner gave a statement after knowingly and voluntarily waiving his right to counsel, then the statement must be suppressed for all purposes.

**ANALYSIS**

A defendant's right to counsel attaches once he has been indicted. <u>Fellers v. United States</u>, __ U.S. __, 124 S.Ct. 1019 (2004) If the government obtains a statement from a defendant

1

post-indictment, the government bears the burden of proving that a defendant's waiver of counsel was knowing, intelligent and voluntary. Brewer v. Williams, 430 U.S. 387, 404, 97 S.Ct. 1232 (1977)

During the evidentiary hearing before this Court, the government failed to present any evidence that Mr. Wagner "knowing and voluntarily" waived his right to counsel before giving the statement to Agent Gaul. Therefore, the government must, as it has, concede that Mr. Wagner's statement was taken in violation of his Sixth Amendment right to counsel and Fellers.

The government now asserts that while Mr. Wagner's statement is suppressed in its case in chief, it can use the statement if this court merely finds that Mr. Wagner was not coerced into giving the statement. The government rejects the defendant's position that Mr. Wagner's statement is not usable for any purpose unless he knowingly and voluntarily waived his right to counsel. The government cites Michigan v. Harvey, 110 S.Ct. 1176, 494 U.S. 344 (1990) and Michigan v. Jackson, 475 U.S. 625 (1986) in support. The government's reasoning is flawed for the following reasons.

First, the Supreme Court specifically identified in Harvey the standard of review for determining whether a statement could be used for impeachment purposes when a core Sixth Amendment constitutional violation has occurred. The Supreme Court stated

in <u>Harvey</u>:

> "Because respondent's counsel did not object at trial to the use of his second statement for impeachment purposes, the State had no occasion to offer evidence to establish that Harvey gave a knowing and voluntary waiver of his right to counsel under traditional standard. On remand, the Michigan Courts are free to conduct a hearing on that question." <u>Id</u> at 1182.

This holding by the Supreme Court in <u>Harvey</u> does not appear to be the equivocal or vague holding suggested by the government. In fact, the Harvey ruling <u>*not only*</u> supplied the Michigan Court with the standard that it should apply ("knowing and voluntary waiver of his right to counsel") but states that this "knowing and voluntary" standard should be applied on remand to determine if the government could use the statement to impeach the defendant at trial. <u>Id</u>. It is doubtful that the U.S. Supreme Court could have been more clear about the applicable standard.

Second, the government confuses "core constitutional" violations with prophylactic or judicially created safeguards for Miranda violations. A core constitutional violation arises when a constitutionally created right is violated by law enforcement. The constitutionally protected right in question here is the defendant's Sixth Amendment right to counsel and whether the defendant "knowingly, intelligently and voluntarily" waived that

3

right. See <u>Brewer v. Williams</u> and <u>Fellers</u>, <u>supra</u>. As the government was unable to prove that Mr. Wagner did indeed "knowingly and voluntarily" waive his Sixth Amendment right to counsel, his statements are not useable for any purpose at trial. <u>United States v. Spencer</u>, 995 F.2d 10 (2nd Cir. 1993)(citing <u>Harvey</u>, the Second Circuit held that the trial court must determine whether the statements were given with a knowing and voluntary waiver of one's Sixth Amendment rights before they can be used for impeachment purposes)

This constitutionally established right to counsel is contrasted with the judicially created rights, or prophylactic safeguards, enunciated in created in <u>Miranda v. Arizona</u>, 384 U.S. 436, 86 S.Ct. 1602 (1966).[1] <u>Michigan v. Jackson</u>, 494 U.S. 344, 106 S.Ct. 1404 (1986), lays out the standards for whether a statement taken in violation of Miranda should be suppressed for impeachment purposes.[2] Under such circumstances, the government

---

[1] See <u>United States v. Pavane</u>, __ U.S.__, WL 1431768 (June 28, 2004)(discussion of prophylactic safeguards for failure to obtain Miranda waiver; Supreme Court restates that Miranda waivers are judicially created)

[2] In <u>Jackson</u>, the defendant asserted his right to counsel but he was interrogated anyway in violation of Miranda. This was not a core constitutional violation, however, because he knowingly and voluntarily waived his right to counsel after the police improperly initiated conversation with him in an attempt to elicit incriminating responses. See <u>Michigan v. Jackson</u>, 475 U.S. at 636. The Supreme Court created a judicial remedy or prophylactic safeguard to protect defendant from police circumventing these the Sixth Amendment requirements in Miranda. <u>Id</u>.

only need show that the statement was not obtained coercively. As the Jackson case involved a Miranda type Sixth Amendment violation, where the defendant was already aware of his right to counsel, the Supreme Court decided to carve out a judicial remedy to stop the police from circumventing a defendant's Miranda rights. The Supreme Court has decided that these prophylactic safeguards, while important, do not necessitate the same type of strict protections afforded core constitutional violations described in <u>Harvey</u> and existing in Mr. Wagner's case. See <u>Harvey v. Michigan</u>, at

In the instant case, the government approached Mr. Wagner post indictment without going through his counsel[3], failed to provide him with Miranda warnings and improperly elicited statements from him in violation of his Sixth Amendment right to counsel. See <u>Fellers v. United States</u>, <u>supra</u>. The mere act of approaching Mr. Wagner post indictment and eliciting incriminating statements without a lawyer present constitutes a core constitutional violation of Mr. Wagner's Sixth Amendment right to counsel. See <u>Fellers v. United States, supra</u>. This conduct by itself has lead to the suppression of Mr. Wagner's statements pursuant to <u>Fellers</u>.

---

[3] Mr. Wagner did not have counsel because he had not yet been arraigned. Agent Gaul should have waited for appointment of counsel and then approached Mr. Wagner's lawyer to see if he wanted to waive his Sixth Amendment rights.

5

The government's attempt to cast the violation of Mr. Wagner's core Sixth Amendment rights into the <u>Michigan v. Jackson</u> prophylactic category is simply not persuasive and inconsistent with the Supreme Court's reasoning in <u>Harvey</u>. The government's conduct in Mr. Wagner's case clearly rises to the level of a core constitutional violation as proscribed in <u>Harvey</u> as there was no evidence presented that Mr. Wagner was ever apprized of his right to counsel and waived that right in advance of the questioning by Agent Gaul. See <u>Michigan v. Harvey</u>, <u>supra</u> and <u>United States v. Spencer</u>, 995 F.2d 10 (2nd Cir. 1993)

Pursuant to <u>Harvey</u>, the question of whether Mr. Wagner's statement can be used for impeachment purposes specifically depends upon whether the government can show that he knowingly *and* voluntarily waived his right to counsel before giving his statement to the agent. This is the standard enunciated by <u>Harvey</u> for core Sixth Amendment violations and must be followed by this Court before the government can be permitted to use the statement for impeachment purposes. <u>Michigan v. Harvey</u>, <u>supra</u>.

There is no question that the government failed to show at the recent evidentiary hearing that Mr. Wagner knowingly waived his right to counsel when he spoke to Agent Gaul. Therefore, there is no need for this Court to reach the question of voluntariness and the statement cannot be used for impeachment purposes.

Even if, hypothetically, the government could show that Mr. Wagner had knowingly waived his right to counsel, it would then be required to prove that the statement was not coerced and was given voluntarily pursuant to <u>Michigan v. Jackson</u>, <u>supra</u> before the statement could be used for impeachment purposes. As stated above, the government has failed to prove that Mr. Wagner knowingly waived his right to counsel. Therefore, this Court need not reach the question of whether he was coerced.

As Agent Gaul committed a core constitutional violation of Mr. Wagner's Sixth Amendment rights and the government failed to demonstrate that Mr. Wagner knowingly waiver his right to counsel, the government cannot be permitted to use his statements for any purpose at trial. Any other conclusion would constitute and abrogation of Mr. Wagner's Sixth Amendment right to counsel and inconsistent with the principles enunciated in <u>Michigan v. Harvey</u>, <u>supra</u>.

> Respectfully submitted,
> BY HIS ATTORNEY,

*[signature]*
_____
JAMES H. BUDREAU, BAR#553391
20 Park Plaza, Suite 905
Boston, MA 02116
(617) 227-3700

I hereby certify that a true and correct copy of the foregoing document was served by hand on the 30th day of June, 2004 to Assistant U.S. Nadine Pellegrini.

*[signature]*
_____
James H. BUREAU