UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 03-10364-RWZ

UNITED STATES OF AMERICA

v.

KENNETH WAGNER

MEMORANDUM OF DECISION

July 9, 2004

ZOBEL, D.J.

      Defendant Kenneth J. Wagner, an air traffic controller, was indicted on December 3, 2003 for giving false information on a Form 8500 in violation of 18 U.S.C. § 1001 (a)(3). The next day, December 4, 2003, two Special Agents of the Department of Transportation Inspector General's Office repaired to Logan Airport to serve defendant with the indictment and a summons. After defendant received the papers, he began to speak about the allegations but was stopped by one of the agents, who told him that he did not have to say anything and could leave at any time. Defendant said that he would talk with the agents so long as he was free to leave. Inexplicably and without further ado, the agents then interviewed him about the allegedly false information. One of them explained that they wanted "to get defendant's side of the story." Defendant has now moved to suppress all of his statements on the ground that they had been obtained in violation of his Sixth Amendment right to counsel. The government acknowledged the violation and agreed that it would not use the statements as part of its case in chief. The parties remain at odds about the government's ability to use the statements to impeach defendant should he decide to testify.

There are no serious disputes of fact.  Resolution of the issue depends on the standard to be used.  Does the government have to prove that defendant knowingly and intelligently waived his right to counsel, or is it sufficient to show that the statements were voluntary and not coerced?  The government has already conceded the failure of the agents to explain the right to counsel and the fact that defendant did not waive his right to counsel.  But the evidence adduced at the hearing persuades me that the statements defendant made were indeed voluntary, in the sense that they were not coerced.

In <u>Michigan v. Jackson</u>, 475 U.S. 625 (1986), the Supreme Court held that evidence obtained from a defendant who had invoked his right to counsel is inadmissible in the prosecution's case in chief.   Subsequently, in <u>Michigan v. Harvey</u>, 494 U.S. 344, 349 (1990), the Court answered affirmatively the question "whether a statement to police taken in violation of <u>Jackson</u> can be admitted to impeach a defendant's inconsistent trial testimony."   Although the Court says that it has "mandated the exclusion of reliable and probative evidence for <u>all</u> purposes only when it is derived from involuntary statements," <u>id.</u> at 351 (emphasis in original), its ultimate order was a remand to the Supreme Court of Michigan for a determination whether defendant "gave a knowing and voluntary waiver of his right to counsel under traditional standards."  <u>Id.</u> at 354.  That therefore defines the standard.  Since defendant admittedly did not waive his right to counsel, his statements may not be used to impeach him.

The motion to suppress is allowed.

|  |  |
|---|---|
|    07/09/04    <br> DATE | /s/ Rya W. Zobel <br> RYA W. ZOBEL <br> UNITED STATES DISTRICT COURT |