UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
                             )
        v.            )     CRIMINAL NO.  03-10364-RWZ
                             )
                             )
KENNETH WAGNER            )

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>

Pursuant to Fed. R. Crim. P. 30, the United States of America, by United States Attorney Michael J. Sullivan and Assistant United States Attorney Nadine Pellegrini, hereby submits its requests for jury instructions in the above-captioned action.  The government reserves the right to supplement, modify, or withdraw these instructions in light of the defendant's jury instructions.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: <u>/s/Nadine Pellegrini</u>
    NADINE PELLEGRINI
    Assistant U.S. Attorney
    (617) 748-3107

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by electronic filing to James Budreau, Esq., 20 Park Plaza, Suite 905, Boston, Massachusetts 02116.

<u>/s/NadinePellegrini</u>
NADINE PELLEGRINI
ASSISTANT U.S. ATTORNEY

TABLE OF CONTENTS

INSTRUCTION NO.        DESCRIPTION

    1                 Presumption of Innocence; Burden of Proof;
                      Reasonable Doubt

    2                 Function of the Jury

    3                 Judging the Evidence

    4                 Direct and Circumstantial

    5                 Credibility of Witnesses

    6                 Credibility-- Prior Inconsistent Statements

    7                 Expert Testimony

    8                 Punishment

    9                 Inference of Regularity

    10                Consider Only Crime Charged

    11                "On or About"

    12                Proof of Intent or Knowledge

    13                Overview of the Indictment

    14                Elements of Count One

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1
(Presumption of Innocence; Burden of Proof; Reasonable Doubt)

As you know, this is a criminal case in which the United States has charged the defendant with committing a crime.  Like every criminal case, the defendant here is presumed by law to be innocent.  This presumption of innocence stays with the defendant throughout the course of the trial.  It can be overcome only when the United States introduces competent evidence during the course of the trial that satisfies its burden of convincing you beyond a reasonable doubt of the defendant's guilt with respect to every element of the offense.

The United States has the burden of proving to you, beyond a reasonable doubt, that the defendant is guilty of the crime charged.  This burden of proof rests upon the United States and it never shifts to the defendant.  The defendant is not required to prove anything to you or to present any evidence at all.  If the United States fails to meet its burden of proof, then you must acquit the defendant.  If, however, the government does meet its burden of proof beyond a reasonable doubt, then you have a similar responsibility to find the defendant guilty.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge or charges.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1 (con't)
(Presumption of Innocence; Burden of Proof; Reasonable Doubt)


It is not sufficient for the Government to establish a
probability, though a strong one, that a fact charged is more
likely to be true than not true. That is not enough to meet the
burden of proof beyond a reasonable doubt. On the other hand, the
United States is not required to prove the charge to an absolute
or mathematical certainty since there are few things in this
world that we know with absolute certainty.  Thus, the law does
not require that the United States prove its case to the same
degree of certainty that you have that when you add two plus two
you get four.  As I stated earlier, proof beyond a reasonable
doubt is proof that leaves you, as reasonable persons, firmly
convinced of the defendant's guilt.


Fed. Jury Prac. & Instr. §12.10 (5th Ed.) (2001), O'Malley,
Grenig and Lee; United States v. Cleveland, 106 F.3d 1056, 1062-
63 (1st Cir. 1997)(Charge to the Jury, Keeton J.);United States
v. Olmstead, 832 F.2d 642, 644-646 (1st Cir. 1987), cert. denied,
486 U.S. 1009 (1988); United States v. Jorge, 865 F.2d 6, 10-11
(1st Cir. 1989); United States v. Campbell, 874 F.2d 838, 841-843
(1st Cir. 1989).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 2
(Function of the Jury)

The function of you as jurors is to determine the facts.
You are the sole and the exclusive judges of the facts.  You
alone decide the weight, the effect and the value of the evidence
and the credibility -- that is, the believability -- of the
witnesses.  Once you determine the facts, it is your duty to
apply those facts to the law as I explain it to you in order to
decide whether the defendant is guilty or not guilty of the
charges the United States has brought against him.  You must
determine the facts without prejudice, without fear, without
favor, solely from a fair consideration of the evidence.  Once
you let fear or favor or prejudice or bias or sympathy enter into
your deliberations, there is a great risk that you will not
arrive at a true and just verdict.  In the same vein, you may not
consider in your deliberations any personal feelings you may have
about the race, religion, national origin, sex or age of the
defendant or any witness who testified during the course of the
trial.  You are not to decide the case on the basis of what you
have heard or read outside the courtroom or according to any
guesswork or speculation.  You cannot speculate as to what might
or might not have happened nor can you allow yourselves to be
influenced by your view of the nature of the crime with which the

GOVERNMENT'S PROPOSED INSTRUCTION NO. 2 (Cont.)
(Function of the Jury)

defendant has been charged or the consequences of your verdict.

Instead you must confine your deliberations to the evidence and

to nothing but the evidence.

See Edward J. Devitt Et Al., Federal Jury Practice and
Instructions, §10.01 (4th ed. 1990).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3
(Judging the Evidence)

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case.  Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so.  If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

Fed. Jury Prac. & Instr. §12.02 (5th Ed.) (2001).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 4
(Direct and Circumstantial)

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Fed. Jury Prac. & Instr. §12.04 (5th Ed. )(2001).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 5
(Credibility of Witnesses)

In performing your role as jurors, your function, ladies and gentlemen, is to evaluate the exhibits that have been introduced and to determine and judge the credibility of the testimony of the witnesses. What do I mean by credibility? That is simply a fancy word for "believability." It is your function and your function alone to determine the believability of the witnesses who came forward and testified. You are free to decide that you believe all of what a witness told you, or none of what a witness told you, or some of what a witness told you. You're free to do that all in accordance with your collective judgment as to the believability of what it was that the witness told you while on the witness stand.

Now, how do you go about making this critically important judgment about the believability of what the witnesses told you while they were testifying? Having raised the question, I tell you that I cannot -- indeed, nobody can -- tell you all of the ways that you go about making this terribly important judgment about credibility. I can suggest to you, however, some of the things that you should look at in making that judgment. You should consider, for example, the conduct and the demeanor of the witness while testifying, the frankness or lack of frankness that the witness displayed while testifying, the reasonableness or the unreasonableness of the testimony itself, the probability or improbability of that testimony, the opportunity or lack of

GOVERNMENT'S PROPOSED INSTRUCTION NO. 5 (Cont.)
(Credibility of Witnesses)

opportunity that the witness had to see and to know the facts about which he or she was testifying, the accuracy of the witness's recollection, the degree of intelligence shown by the witness, whether the witness has attempted to fill in gaps in his or her memory of events with information he or she obtained after the event was over.  You may also consider whether the witness has a motive for testifying and, of course, the interest or lack of interest that the witness may have in the outcome of the case. You should take into consideration the character and the appearance of the witness at trial and any bias he or she has shown in his or her testimony.  The list is not exhaustive.  It is, rather, a list of examples of the things you may take into account and should take into account in making that judgment.

United States v. Hardy, No. 91-10180-K, Charge to the Jury (D. Mass. Nov. 13, 1991) (Keeton, J.).  See also Edward J. Devitt Et Al., Federal Jury Practice and Instructions, § 15.01 (4th ed. 1990).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 6
(Credibility-- Prior Inconsistent Statements)

You should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial. You should keep in mind, of course, that a simple mistake or inadvertent omission by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement or omission, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

Eleventh Circuit District Judges Association, Pattern Jury Instructions, Criminal Cases, §6.1 (1985).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7
(Expert Testimony)

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinions.

Expert testimony should be considered just like any other testimony.  You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

Edward J. Devitt Et Al., Federal Jury Practice and Instructions, § 14.01 (4th ed. 1990) (modified).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 8
(Punishment)

If the defendant is found guilty, it will be my duty to decide what his punishment will be.  You should not be concerned with punishment in any way.  It should not enter into your consideration or discussion.

U.S. Fifth Circuit District Judges Association, Pattern Jury Instructions, Criminal Cases, §1.21 (1990); Edward J. Devitt Et Al., Federal Jury Practice and Instructions, §18.02 (4th ed. 1990).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 9
(Inference of Regularity)

In the absence of evidence in the case to the contrary, you may infer, but are not compelled to infer, that official duty has been regularly and properly performed, that private transactions have been fair and regular, that the ordinary course of business or employment has been followed, that things have happened according to the ordinary course of nature and the ordinary habits of life, and that the law has been obeyed.

When evidence has been received in the case concerning any of these questions, you should be guided by the evidence and the application of your common sense. As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said

GOVERNMENT'S PROPOSED INSTRUCTION NO. 9 (Cont.)
(Inference of Regularity)

if permitted to answer the question or as to the contents of an
exhibit. Also, certain testimony or other evidence has been
ordered stricken from the record and you have been instructed to
disregard this evidence. Do not consider any testimony or other
evidence which has been stricken in reaching your decision. Your
verdict must be based solely on the legally admissible evidence
and testimony.

Also, do not assume from anything I may have done or said
during the trial that I have any opinion concerning any of the
issues in this case. Except for the instructions to you on the
law, you should disregard anything I may have said during the
trial in arriving at your own findings as to the facts.

I have mentioned the word "evidence."  The "evidence" in
this case consists of the testimony of witnesses, the documents
and other things received as exhibits, the facts that have been
stipulated--this is, formally agreed to by the parties, the facts
that have been judicially noticed--this is, facts which I say you
may, but are not required to, accept as true, even without
evidence.

You may use reason and common sense to draw deductions or
conclusions from facts which have been established by the
evidence in the case.  Certain things are not evidence.  I shall
list those things again for you now:

GOVERNMENT'S PROPOSED INSTRUCTION NO. 9 (Cont.)
(Inference of Regularity)

l.    Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.    Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.    Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4.    Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

Fed. Jury Prac. & Instr. §12.05 (5th Ed. )(2001).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 10
(Consider Only Crime Charged)

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

Fed. Jury Prac. & Instr. §12.09 (5th Ed.) (2001).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 11
("On or About")


        You will note that the indictment charges that the offense

was committed on or about a specified date. The government does

not have to prove that the crime was committed on that exact

date, so long as the government proves beyond a reasonable doubt

that the defendant committed the crime on a date reasonably near

September 5, 2001, the date stated in the indictment.


United States v. Bowman, 783 F.2d 1192, 1197 (5th Cir.1986);
see also United States v. Powers, 168 F.3d 741, 746 (5th
Cir.1999), cert. denied, 528 U.S. 945, 120 S.Ct. 360, 145 L.Ed.2d
282 (1999); United States v. Morris, 46 F.3d 410, 419 (5th
Cir.1995), cert. denied, 515 U.S. 1150, 115 S.Ct. 2595, 132
L.Ed.2d 842 (1995); Fed. Jury Prac. & Instr. §13.05 (5th
Ed.)(2001).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 12
(Proof of Intent or Knowledge)

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

Fed. Jury Prac. & Instr. §17.07 (5th Ed. )(2001)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 13
(Overview of the Indictment)

The indictment in this case contains one count or charge against the defendant, Kenneth Wagner.

Count One charges a violation of Title 18, United States Code, Section 1001(a)(3). Count One charges that the defendant, Kenneth Wagner, on or about September 5, 2001, knowingly and wilfully made or used a false writing or document, knowing the same to contain materially false, fictitious, or fraudulent statements or entries. The indictment further charges that the making or using of this writing or document was done in a matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States.  During this course of the trial, you have heard and seen reference to Form 8500, the Airmen's Certificate.   Count One refers to this document.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 14
(Elements of Count One)

Specifically addressing Count One, the false statements charge, for you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following things beyond a reasonable doubt with respect to this count:

First:  that the defendant Kenneth Wagner, knowingly and wilfully made or used a false writing or document to a department of the United States government, in this case, the Department of Transportation;

Second: That in making or using the false writing or document, the defendant, Kenneth Wagner, knew the document contained a materially false, fictitious or fraudulent statement;

Third: That the statement was made in matter within the jurisdiction of the executive, legislative, or judicial branch of the government of the United States, in this case, the Department of Transportation;

Fourth: That the statement made by the defendant Kenneth Wagner was material to the Department of Transportation.

These four items that I have just stated are sometimes referred to as the elements of the crime.

The first element, that the defendant Kenneth Wagner, knowingly made a false, fictitious or fraudulent statement or representation requires that I provide to you several definitions which are important to your determination.

The defendant is charged with "knowingly" making the false statement. A statement is made "knowingly" if you find the person knew that the statement was false or demonstrated a reckless disregard for the truth with a conscious purpose to avoid learning the truth.

With respect to a "false statement", a statement is "false" if it was untrue when made.  The government is not required to prove that the defendant had a purpose to mislead a federal agency or that the statement was made for a fraudulent purpose.[1]

The second element, that the defendant acted wilfully, means that you must find that the defendant acted deliberately and intentionally and not through accident or mistake when he made the statement.

The third element, that the statement be made in a matter within the jurisdiction of the United States, means that you must find that the statement was made in a matter which relates to the Department of Transportation.

Finally, the fourth element requires that the statement be material.  A statement is "material" if it has a natural tendency

---

[1]United States v. Yermian, 468 U.S. 63 (1984); United States v. McGauley, 279 F.3d 62, 69 (1st Cir.2002).

to influence or to be capable of influencing the decision of the decision maker to which it was addressed.  The statement or statements need not have actually influenced the actions of the government agency, nor does the government have to prove that government agency was actually deceived.

Fed. Jury Prac. & Instr. §40.07 (5th Ed.)(2001); <u>United States v. Gaudin</u>, 515 U.S. 506 (1995); <u>United States v. Notarantonio</u>, 758 F.2d 777, 787 (1st Cir. 1985).