UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>KENNETH WAGNER  )<br>) | Cr. No. 03-10363-RWZ |

**KENNETH WAGNER'S MOTION IN LIMINE**
**(Memorandum Incorporated)**

Now Comes, defendant, Kenneth Wagner, who respectfully moves this Court to (1) preclude the government from introducing any medical records allegedly provided by Mr. Wagner's mental health providers, or alternatively (2) redact specific portions of those records for the reasons stated below. In support of this request defendant states the following:

1. *The Medical Records Should Be Excluded*: The government may seek to introduce medical records obtained from Mr. Wagner's medical providers after he allegedly filled out and filed the Medical Certification at issue in this case. See Medical Records Provided by Government attached as Exhibit A. These records are not relevant and should be excluded pursuant to Rule 402 of the Federal Rules of Evidence unless the government can demonstrate both their authenticity and that Mr. Wagner either authored the contents or was privy to their contents in advance of having filed this Medical Certification on September 5, 2001. As these records were clearly created by a third party and there is no

1

evidence that Mr. Wagner knew what they contained, they lack any probative value and should be excluded pursuant to Rule 402.

2. *The Records Should Redacted to Avoid Unfair Prejudice*: A significant portion of the medical records in question, contain references to diagnoses or observations by a therapist or psychiatrist that are unfairly prejudicial.[1] This prejudice outweighs the probative value of these statements given that the jury will be misled by the context and attribution.

For example, Dr. Weiner allegedly wrote the words "fatigue, tension, mood swings, overwhelmed, sad, rage, hopelessness... suicidal thoughts..." on page 6 of the attached documents. Exhibit A at p.6. Given that Mr. Wagner was a flight controller, these descriptions might cause a jury to convict him simply because they believe his presence in the flight control room was a safety risk. This concern of unfair prejudice is certainly heightened given the events of 9/11/01[2] and the public's general concerns about security during air travel. Additionally, it is not clear from the writing that these

---

[1] "Unfairly prejudicial evidence is evidence having some quality that moves the jury to attribute to it excessive probative value. It is evidence that 'triggers [the] mainsprings of human action [in such a way as to] cause a jury to base its decision on something other than the established proposition in the case.'" United States v. Currier, 836 F.2d 11,, 18 (1st Cir. 1987)

[2] It should be noted that Mr. Wagner was on vacation during that period of time.

2

descriptions arise from subjective interpretations by Dr. Weiner of Mr. Wagner, or Mr. Wagner's own words. It is also unclear whether these descriptions apply to Mr. Wagner or other members of his family given the reference to a family tree next to these terms. These type of unfairly prejudicial references exist throughout Dr. Weiner's treatment records and should be redacted (see bracketed portions)

3. *Portions of These Records Are Not Relevant To The Charged Conduct*: These statements and diagnoses are not relevant to the question of whether Mr. Wagner knowingly made a materially false statement on his Medical Certification form on September 5, 2001. See Rule 402. For example, Dr. Weiner allegedly diagnoses Mr. Wagner as "severe depressive illness" and "?manic depressive" on July 3, 2000, but there is no evidence that Mr. Wagner is aware of this diagnosis prior or on the day he filled out the 8500 form on September 5, 2001.[3] Other portions that are not relevant pursuant to Rule 403 include:

> (i) Medical Notes from Dr. Marks (p 17-18) which involve unrelated medical issues.
>
> (ii) Chloe Konarski, MSN's letter dated 6/20/03 which shows that she began treating Mr. Wagner on August 20, 2002. (p. 1)
>
> (iii) Dr. Weiner's May 27, 2003 Letter where he states that he has treated Mr. Wagner for "depressive disorder with anxiety...obsessive compulsive

---

[3] Brackets are for unfairly prejudicial evidence while asterisks apply to statements lacking probative value.

3

       disorder." (p. 3) There is no evidence that Mr. Wagner was aware of these diagnoses in advance of 9/5/01.

(iv) The medication charts as they indicate what medications Mr. Wagner was taking from August 2002 through May 2003. Again, this information relates to a period almost one year after he filled out the Medical Certification. (p. 4-5)

(v) See Dr. Weiner's Notes for asterisked parts. Portions of records starting on page 11-17 are not relevant as they related to post 9/5/00 treatment while others are subjective assessments not pertinent to what Mr. Wagner's state of knowledge was when he filled out the 8500 form. (p. 6-11)

Wherefore, defendant moves this Court to grant his motion in liming as described above. Defendant also seeks to prohibit the government from asking the defendant inflammatory questions such as whether he was suicidal as this will prejudice the jury and deny the defendant due process. See Fifth Amendment to United States Constitution. Defendant further reserves the right to object to other records that the government seeks to introduce at trial.

                                        Respectfully submitted,
                                        BY HIS ATTORNEY,

_____
JAMES H. BUDREAU, BAR#553391
20 Park Plaza, Suite 905
Boston, MA 02116
(617) 227-3700

    I hereby certify that a true and correct copy of the foregoing document was served by hand on the 3rd day of August, 2004 to Assistant U.S. Nadine Pellegrini.

_____
James H. Budreau

5