DISTRICT OF MASSACHUSETTS
                   UNITED STATES DISTRICT COURT

UNITED STATES OF AMERICA    )
                            )
        v.                  )   CRIMINAL NO.  03-10364-RWZ
                            )
                            )
KENNETH WAGNER              )

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE**

The United States of America, by United States Attorney Michael J. Sullivan and Assistant United States Attorney Nadine Pellegrini, hereby submits its Opposition to the Defendant's Motion in Limine as follows:

**I.   Medical Records of Defendant provided by Defendant are Relevant and Admissible.**

Defendant has moved to exclude the medical records of the defendant pursuant to F.R. Evid 402.[1]

On September 5, 2001, WAGNER provided to the Federal Aviation Administration his mandatory signed and submitted Form 8500-8, Airmen's Medical Certificate.  This form is the basis for Count One of the Indictment.

The Form 8500 must be completed as it provides medical clearance for the applicant to do his/her job.  This form is personally completed and signed by each Air Traffic Controller. See copy of Form 8500 attached hereto as Exhibit A.

---

[1] F.R.Evid. 402 reads as follows: "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by an Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."

Sections on this form require answers to detailed questions relating to the applicant's current and lifelong medical history such as frequent or severe headaches; neurological disorders; mental disorders of any sort, depression, anxiety; suicide attempt(s); admission(s) to a hospital, as well as any substance abuse and/or criminal history.

On Form 8500, WAGNER checked "NO" to question 17, all parts of question 18 and question 19. The sections ask questions as to, *inter alia*, if the applicant is currently taking any medications; has been diagnosed with or has any illnesses and/or has had any visits to any health professionals within the last three years. Specifically, the form requires the applicant to check "yes" or "no" to questions regarding "mental disorders of any sort, depression, anxiety, etc."; "suicide attempt;" "other illness, disability, or surgery."

In April of 2003, WAGNER did not report for work for a period of time.

On May 6, 2003, Air Traffic Control management contacted Regional Flight Surgeon (RFS) Dr. Paul Clark and advised that Wagner was out of work with "acute stress". RFS Clark was also advised that WAGNER planned to return to Air Traffic Control duties on May 17, 2003.

On May 9, 2003, RFS Clark medically restricted WAGNER from performing any Air Traffic Controller-related duties and requested medical records from his treating physician as to the reasons for prolonged absence and possible condition(s).

On June 30th, 2003, WAGNER provided the medical records which are in question. The records revealed to Dr. Clark that WAGNER had been receiving treatment as far back as July 2000 for the aforementioned conditions and that WAGNER had been taking medications which would medically disqualify him from his position as an Air Traffic Controller. Therefore, the indictment alleges that WAGNER's answers to questions on Form 8500 were knowingly and wilfully false. Under the facts as set forth above, it is difficult to fathom how the records, which underpin this charge, are not relevant to the charges.

**A. Authentication**

Fed.R. Evid. 901 (Authentication or Identification) provides that authentication or identification is a condition precedent to admissibility and can be satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims it is.

In this case, not only is there a cover letter from Wagner describing the documents as his medical records (and detailing

from whom the records were obtained) but there is a letter from Dr. Weiner and other health care professionals who identify the relevant portions of the documents as being records of treatment of WAGNER. Further, the government has taken the additional step, in preparation for trial, of having the documents provided by WAGNER certified by Dr. Weiner's office as being WAGNER's medical records. Therefore, the condition precedent will be met.

### B. Defendant's Knowledge

Defendant further attempts to exclude the records on the ground that he did not know what they contained. However, he provides no law or citation in support of his argument that the government must prove that WAGNER knew what information was in the record in order to have the records admissible. WAGNER's knowledge of his medical *treatment* is a question of fact for the jury and is not a condition precedent for admissibility of the medical records.

### II.  Redaction of Records to Avoid Unfair Prejudice

Defendant argues that the records should be redacted to avoid unfair prejudice. Defendant claims that the prejudice regarding his medical condition outweighs the probative value. F.R.Evid. 403 requires that the probative value be "**substantially outweighed** by the danger of unfair prejudice. (emphasis added)."

Defendant seeks to redact portions of the medical records which are, in fact, directly probative of the issue before the jury – that is, did WAGNER make false statements about treatments, diagnosis and medications?  By definition, the evidence cannot be unfairly prejudicial. Unfairly prejudicial evidence is that which "causes a jury to base its decision on something other than the established proposition in the case."   United States v. Tse, – F.3d –, 2004 WL 1622053 (1st Cir. 2004). Since the records relate to a proposition of the case, the evidence cannot be whitewashed and the jury misled simply because the Defendant's medical conditions relate to his mental health.

   Moreover, conjecture and speculation cannot be used as a basis for determining admissibility and relevance.  Since this evidence is directly relevant to the question of whether or not the Defendant made a false statement, it cannot be deemed prejudicial simply based upon conjecture that the jury will consider "the events of 9/11/01 and the public's general concerns about security during air travel."  Defendant's Memo, p.2. Admissibility of evidence cannot be based upon conjecture that a jury will ignore the court's charge to consider only that evidence before it.

WAGNER makes essentially the same claim that the records are not relevant to the conduct charged by stating that there is no evidence that Wagner was aware of the diagnosis. Not only is this premature conjecture, but it is an attempt by the Defendant to confuse the ultimate question of fact to be determined by the jury with admissibility of evidence. Again, the Defendant's knowledge is an issue of fact for the jury.

**III. Relevancy of Record to Charged Conduct**

The third challenge to the records relates again to the issue of relevancy with respect to pre-2001 and post-2001 medical treatment.

With respect to the pre-2001 treatment, the government reiterates its arguments made in the prior sections of this memo as to admissibility.

With respect to the post-2001 treatments, the government states as follows:

Based upon documents provided by the defense, opposition by the Defendant to the records post-2001 and claims of prejudicial and irrelevant information post-2001 appear to be disingenuous. Defendant has indicated that it will seek to introduce the entire personnel record and file of WAGNER which include, among other things, insurance forms and pay raises. These records, whose

admission the government will oppose, relate, in whole or in part, to two irrelevant issues: (1) whether or not the defendant was performing his duties satisfactorily as an Air Traffic Controller; and (2) the defendant's family. More to the point, these record cover a time period from at least 1987 to 2003. The government will oppose the admission of these records on the grounds that whether or not the Defendant was a satisfactory air traffic controller is not before the jury. Moreover, the inclusion of the insurance records, for example, regarding the birth of the defendant's daughter in 1998, appear to be no more than an attempt to lure the jury into a sympathetic reaction to the prosecution of a man with a family and small children. ("Accordingly, while jurors may choose to flex their muscles, ignoring both law and evidence in a gadarene rush to acquit a criminal defendant, neither the court nor counsel should encourage jurors to exercise this power. See <u>United States v. Trujillo</u>, 714 F.2d 102, 106 (11th Cir.1983). A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification (internal citations omitted.)" <u>United States v. Sepulveda</u>, 15 F.3d 1161, 1190 (1st Cir. 1993)).

However, if the records are admitted, it would be misleading to the jury to portray the Defendant as someone who completed his tasks without medication or medical treatment. It is difficult to fathom how the Defendant could present evidence post-2001 and then argue that the government should be precluded from doing the same. Therefore, the government respectfully requests that the Court deny the Motion in Limine in its entirety.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                  United States Attorney

                        By:   /S/Nadine Pellegrini
                                Nadine Pellegrini
                                Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by electronic filing:

                James Budreau, Esq.
                20 Park Plaza

This 5th day of August, 2004.

                                Nadine Pellegrini
                                ASSISTANT UNITED STATES ATTORNEY