UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 03-10363-RWZ |
| ) | |
| KENNETH WAGNER ) | |

**KENNETH WAGNER'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim. P. 30, Mr. Wagner, through his undersigned counsel, hereby submits his requests for jury instructions in the above captioned case. The defendant reserves the right to supplement, modify, or withdraw these instructions at any time.

Respectfully submitted,
BY HIS ATTORNEY,

_____
JAMES H. BUDREAU, BAR#553391
20 Park Plaza, Suite 905
Boston, MA 02116
(617) 227-3700

I hereby certify that a true and correct copy of the foregoing document was served by hand on this 4th day August 2004 to Assistant U.S. Nadine Pellegrini by hand.

_____
James H. Budreau

### **DEFENSE REQUEST # 1**

### First Circuit Pattern Jury Instruction
### 3.02 Presumption of Innocence

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, [Kenneth Wagner], has the benefit of that presumption throughout the trial, and you are not to convict [him] of a particular charge unless you are persuaded of [his] guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that [Mr. Wagner] is guilty of the crime with which [he] is charged beyond a reasonable doubt.

### DEFENSE REQUEST #2

**Reasonable Doubt**

The First Circuit has approved the following formulation by Judge Keeton as a Reasonable Doubt instruction [ see United States v. Cleveland, 106 F.3d 1056, 1062-63 (1st Cir. 1997), aff''d sub nom. Muscarello v. United States, 524 U.S. 125 (1998), recognized by Brache v. United States, 165 F.3d 99 (1st Cir. 1999)]:

As I have said, the burden is upon the Government to prove beyond a reasonable doubt that Mr. Wagner is guilty of the charge made against him. It is a strict and heavy burden, but it does not mean that a defendant''s guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant''s guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions—one that a defendant is guilty as charged, the other that the defendant is not guilty— you will find the defendant not guilty.

It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against Mr. Wagner, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether Mr. Wagner is guilty of a particular offense, you must give him the benefit of the doubt and find Mr. Wagner not guilty of that offense.

## DEFENSE REQUEST # 3

### The Term False
### (as in false statement)

A statement is fraudulent or false, if known to be untrue and made with the intent to deceive the government agency to whom it was submitted. <u>Eighth Circuit Model Jury Instruction</u> (1996) The prosecution must prove beyond a reasonable doubt not only that the statement was untrue but that it was made with the intent to deceive or mislead that agency. <u>United States v. Corsino</u>, 812 F.2d 26 (1st Cir. 1987)

The word "false" means contrary to the truth. As used in the law, the word "false" generally means more than an innocent mistake or a simple error in fact. <u>Federal Jury Practice and Instructions</u>, 16.06 (O'Malley, 5th Ed. 2002) "In law, this word, however, means something more than untrue; it means something designedly untrue and deceitful, and implies an intention to perpetrate some treachery or fraud." Black's Law Dictionary and Fed Jury Practice (5th Ed. 2002

## DEFENSE REQUEST #4

### Material Fact

A material fact is one "having a natural tendency to influence, or capable of affecting or influencing a government agency." The agency need not actually be misled, but "the concealment must have the capacity to impair or prevent the functioning of a government agency."

United States v. Beuttenmuller, 29 F.3d 937 (5th Cir. 1994) and Pattern Jury Instructions of the Fifth Circuit, Instr 250 (5th Cir. 1994)

While the government need not have been actually misled, the government must, however, prove beyond a reasonable doubt that Mr. Wagner acted with specific intent to mislead or with fraudulent intent before he can be convicted of knowingly and willfully making a materially false statement to the FAA.

United States v. Corsino, 812 F.2d 26 (1st Cir. 1987)

<u>**DEFENSE REQUEST #5**</u>

**First Circuit pattern Jury Instruction
<u>5.02 Requisite Mental State</u>**

Evidence has been presented of Mr. Wagner's carelessness, negligence, mistake, ignorance, good faith and/or his abnormal mental condition. Such evidence about Mr. Wagner's state of mind may be inconsistent with [or undermine] the government's allegation that he knowingly and willfully made a materially false statement to the government. If after considering all the evidence of his state of mind, together with all the other evidence, you have reasonable doubt that Mr. Wagner acted knowingly and willfully, then you must find him not guilty.

## DEFENSE REQUEST #6

### Definition of "Knowingly"

The word ""knowingly,", as used in these instruction to describe the state of mind of Mr. Wagner, means that the government must prove beyond a reasonable doubt that he realized what he was doing and was aware of the nature of his conduct. United States v. Lawson, 780 F.2d 535, 542 (6th Cir. 1985)  In other words, that the act was done voluntarily and intentionally and not because of mistake or accident.  First Circuit Pattern Jury Instructions, 2.14

**DEFENSE REQUEST #7**

**Definition of "Willfully"**

The term "willfully, as used in these instructions to describe Mr. Wagner's state of mind, means that the government must prove beyond a reasonable doubt that he acted knowingly, deliberately and on purpose or intentionally, as contrasted with carelessly or unintentionally  Federal Jury Practice, 17.05 (O'Malley, 5th Ed. 2002); that he acted voluntarily and purposefully, with the specific intent to do something that the law forbids; that is with bad purpose either to disobey or disregard the law.  Eleventh Circuit Pattern Jury Instruction (cited by Fed Jury Pract, 17.05)