UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                               ) | Cr. No. 03-10364-RWZ |
| ) | |
| KENNETH WAGNER              ) | |

**KENNETH WAGNER'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE**

Now Comes, defendant, Kenneth Wagner, who respectfully replies to the Government's Opposition to Defendant's Motion In Limine as follows. The government opposes defendant's Motion In Limine to keep out his medical records on the grounds that they are indeed relevant, are not unfairly prejudicial and are authenticated by conditions subsequent. Defendant shall respond to the first two issues raised by the government in three sections below:

1. <u>Relevancy of the Treatment Records as a Whole</u>

The government suggests that the medical records are relevant as they will shed light on whether the defendant knew he was being treated for depression, anxiety or suicide attempts. These records in no way demonstrate that Mr. Wagner was in fact aware that he was receiving treatment for those conditions or any other "mental disorder" as described in Section 18 of the Medical Certificate. See 9/05/01 Medical Certificate attached as Exhibit A.

1

While the medical records apparently indicate that his treating physician concluded that Mr. Wagner was suffering from depression, these records do not indicate that this information was in fact conveyed to Mr. Wagner prior to or on 9/5/01. Therefore, these medical records cannot be probative of Mr. Wagner's knowledge when he allegedly made the false statement by checking "no" in box 18 of the "Medical Certificate." Exhibit A.

The government's also argues that, because defense counsel has signaled that he will seek to introduce Mr. Wagner's personnel file in to evidence, his medical treatment records are, therefore, also relevant. The tail may be wagging the dog in this argument as defendant is seeking to introduce these records primarily because the government will try to introduce Wagner's medical records. Given the substantial and unfair prejudice that will follow from the introduction of these medical records, defendant will need to offset this prejudice by demonstrating to the jury that Mr. Wagner is in fact a competent flight controller without any incidents. Otherwise the jury will convict him merely because their emotions have been inflamed by the descriptions written in these records. This would clearly be a violation of Mr. Wagner's right to a fair trial pursuant to the Fifth Amendment of the United States Constitution.[1]

---

[1] Defendant would be seeking to introduce the entire personnel record for the purpose of completeness. Counsel is more than willing to redact the portion of the record relating to

2

Evidence is unfairly prejudicial when it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory Committee's Note Rule 403. "Unfairly prejudicial evidence is evidence having some quality that moves the jury to attribute to it excessive probative value. It is evidence that 'triggers [the] mainsprings of human action [in such a way as to] cause a jury to base its decision on something other than the established proposition in the case.'" United States v. Currier, 836 F.2d 11,, 18 (1st Cir. 1987) If the medical treatment records are admitted into evidence they will create an improper inference for the jury that Mr. Wagner was aware of the diagnoses or descriptions contained in these records at the time that he allegedly filled out the Medical Certificate on 9/5/01. Such an inference would be improper and, therefore, providing the jury with these records would be unfair prejudicial to Mr. Wagner in violation of Mr. Wagner's Fifth Amendment right to a fair trial.

2. **Portions of the Records Are Unfairly Prejudicial**

If, arguendo, this Court were to deny defense request to exclude the medical records altogether, counsel has marked portions of the records in brackets as being unfairly prejudicial. In particular, and without waiving defendant's

---

his insurance that was identified by the government or other pages that are not relevant. Also, it should be noted that the introduction of personnel records would not adequately offset the unfair prejudice caused by introduction of the medical records by the government.

previous arguments, defendant refers the Court to the July 3, 2000 records for the most poinant example. On that day Dr. Weiner wrote a number of words corresponding to either symptoms experienced by Mr. Wagner (or possibly his family members) or subjective observations by the doctor himself that were apparently based upon other statements or conduct by Mr. Wagner or his family. The records do not elaborate or make a distinction as to how Dr. Weiner came to these conclusions or observations.

So assuming that Mr. Wagner did not testify, defendant submits that these writings by Dr. Weiner are not probative of whether Mr. Wagner understood he was diagnosed with a mental disorder. If he does testify, however, defendant submits that this portion (and others mentioned in his earlier motion) of the records are still unfairly prejudicial.

While the government can certainly ask whether Mr. Wagner knew or was told on or prior to 9/5/01 that he was diagnosed or being treated for depression, anxiety or some other mental disorder, these records have no value either for impeachment purposes or as affirmative evidence of the central issue before the court; i.e. whether Mr. Wagner falsified this document.[2] If

---

[2]The government suggests, for example, that Dr. Weiner's alleged statement that Mr. Wagner was having suicidal thoughts at some point in the past should be brought out to assist the jury in finding that he failed to answer that the box asking if he had ever attempted suicide. Suicidal thoughts do not convert to

4

the jury hears this evidence, they will be so prejudiced against Mr. Wagner that they jury "will base its decision on something other than the established proposition in the case." Id.[3]

### 3. Relevancy of Sections of Treatment Records

If this Court were to find that the records were probative aspect of the government's case, then defendant has outlined in his original motion the areas that he believes lack probative value. Many, if not most, of the requested redactions involve treatment records created after Mr. Wagner filled out the Medical Certification in question.[4]

The government has responded that it needs to introduce these treatment records because they will rebut defense claims that he was not dangerous and was in fact a competent controller? Why would post 9/5/01 such records be admissible to rebut a

---

attempting suicide. It also does not convert into a finding that Mr. Wagner knew he was being treated for a mental disorder based upon these alleged thoughts.

[3]The government suggests that its speculative to suggest that the jury will ignore the Court's instructions to be fair and impartial. The government misses the point that Rule 403 was designed exactly with that concern in mind; that certain evidence can inflame a jury and cause them to ignore the probative evidence. See Advisory Committees' Note, Rule 403, supra. Such evidence must be excluded to avoid denying a defendant his due process right to a fair trial. See Fifth Amendment to United states Constitution.

[4]While there may be other records that fall into this post 9/5/01 time period that are not probative of whether Mr. Wagner falsified his Medical Certification, defendant is not clairvoyant and cannot specify those at present time that he would object to at trial.

5

defense contention that Mr. Wagner was a good controller. Only his record and his fellow controllers can speak to his skill and ability as a flight controller. The treatment records are subjective diagnoses by a physician that have no relevance to whether he was indeed performing his job. The only reason that the government would seek to introduce such records would be to create an improper inference that he was mentally unstable and therefore a danger to people who fly out of Logan.

Additionally, these post 9/5/01 records have absolutely no relevance to whether he falsified his Medical Certification. While the actual act of supplying records in 2003 to the FAA is certainly relevant, the content of the records created post 9/5/01 is not to his state of mind on the day he filled out the Medical Certification.

Wherefore defendant moves this Court to grant his Motion in whole or in part.

Respectfully submitted,
BY HIS ATTORNEY,

_____
JAMES H. BUDREAU, BAR#553391
20 Park Plaza, Suite 905
Boston, MA 02116
(617) 227-3700

I hereby certify that a true and correct copy of the foregoing document was served by hand on the 5th day of August, 2004 to Assistant U.S. Nadine Pellegrini.

_____
James H. Budreau

6

**Applicant Must Complete ALL Items (Except For Shaded Areas)** PLEASE PRINT

Form Approved OMB NO. 2120-0034

| | |
|---|---|
| 1. Application For: ☐ Airman Medical ☒ Airman Medical and Student Pilot Certificate | 2. Class of Medical Certificate Applied For: ☐ 1st ☐ 2nd ☒ 3rd |
| 3. Last Name / First Name / Middle Name | |
| 4. Social Security Number: 446 – 70 – 7919 | |
| 5. Address: 445 LUNNS WAY / Plymouth, MASS/USA | Telephone Number: 508 743-6570 |
| 6. Date of Birth: 09 / 26 / 1962 | 7. Color of Hair: BLACK  8. Color of Eyes: HAZEL  9. Sex: M |
| Citizenship: USA | |

10. Type of Airman Certificate(s) You Hold:
☐ None  ☒ ATC Specialist  ☐ Flight Instructor  ☐ Recreational
☐ Airline Transport  ☐ Flight Engineer  ☐ Private  ☐ Other
☐ Commercial  ☐ Flight Navigator  ☒ Student

11. Occupation: ATCS
12. Employer: FAA

13. Has Your FAA Airman Medical Certificate Ever Been Denied, Suspended, or Revoked?
☐ Yes  ☒ No

Total Pilot Time (Civilian Only)
14. To Date: N/A
15. Past 6 months: N/A
16. Date of Last FAA Medical Application: 09 / 26 / 1999

17.a. Do You Currently Use Any Medication (Prescription or Nonprescription)?
☒ No  ☐ Yes

18. Medical History — HAVE YOU EVER IN YOUR LIFE BEEN DIAGNOSED WITH, HAD, OR DO YOU PRESENTLY HAVE ANY OF THE FOLLOWING?

(All items marked No)

19. Visits to Health Professional Within Last 3 Years.
☐ Yes  ☒ No

Explanations: N/A

20. Applicant's National Driver Register and Certifying Declarations

Date: 09 / 05 / 2001

FAA Form 8500-8 (3-99) Supersedes Previous Edition