UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>KENNETH WAGNER       ) | Cr. No. 03-10364-RWZ |

## KENNETH WAGNER'S MOTION IN LIMINE
### (Privileged Communications and Records)

Defendant, through his undersigned counsel, moves this court to preclude the government from (1) introducing any treatment records provided to Dr. Clark, the Flight Surgeon for the Boston area Federal Aviation Administration (FAA); (2) calling Dr. Richard Weiner as a witness pursuant to common law privileges and M.G.L. c. 233, sec. 20B; and (3) calling Dr. Weiner as the government had previously informed defendant that it was not calling any experts. See Letter attached as Exhibit A. In support of this Motion, defendant states the following:

1. Defendant provided the FAA with treatment records (previously supplied the Court) after he was told that these records were necessary to determine when he could return to work as a flight controller. See Affidavit from Kenneth Wagner attached as Exhibit B.

2. Defendant did sign a waiver provided by the FAA and obtained the records using this waiver. See Waiver attached as Exhibit C.

3. Defendant did not believe that by signing this waiver

and providing Dr. Clark with these records, that he would lose his right to keep these records confidential. He also did not understand that these records would be distributed beyond Dr. Clark's expressed need described in paragraph 1 above. Exhibit B.

4. M.G.L. c. 233, sec. 20B specifically covers medical doctors who practice psychiatry on a substantial basis. Dr. Weiner appears to fall into that category as he was treating Mr. Wagner for depression and providing him medications for that purpose according to the records provided by the government.

5. As Mr. Wagner provided these records for the narrow purpose of having the Flight Surgeon make and assessment of when he could return to work, the government should be precluded from extending the scope of that waiver to include the trial at hand.

6. A disclosure of privileged communications does not create a waiver if done under compulsion. Commonwealth v. Pelosi, 55 Mass.App.Ct. 390, 396 (2002) rvsd on other grounds by 441 Mass. 257 (2004) An express waiver is "the intentional, voluntary relinquishment of a known right." Black's Law Dictionary (5th Ed.) Waivers should be limited to the "extent of the disclosure made." Kennedy v. Dermatology Associates, 183 F.R.D. 619, 622 (E.D. Tenn. 1999) The waiver and subsequent disclosure of privileged records should not exceed the authorization "contemplated by the patient." Id. at 622. See Commonwealth v. Goldman, 395 Mass. 495, 499-500 (1985)(where a

witness testifies about a specific communication, then a waiver may have occurred); see also Pelosi, supra.

7.  Mr. Wagner was compelled to provide the FAA these records otherwise Dr. Clark would not allowed him to return to work. Exhibit B. Given this compulsion it cannot be said that his disclosure of these privileged documents was voluntary. See Pelosi, supra.

8.  Even if, arguendo, these documents were voluntarily disclosed, Mr. Wagner reasonably believed that they would remain within the confidences of another doctor, albeit the Flight Surgeon for the FAA. Exhibit B. Mr. Wagner did not intend for these records to be disseminated to anyone else except for Dr. Clark. Exhibit B.

9.  Finally, even if, arguendo, this Court were to find that these records were admissible, Mr. Wagner's waiver would not extend to Dr. Weiner's testimony. In fact, counsel did not believe that the government was calling any expert witnesses and has planned accordingly. See Exhibit A.

10. If Dr. Weiner's testimony is excluded thane defendant would not object to the authenticity of his records.

Wherefore, defendant moves this Court to grant his Motion in Limine.

                                    Respectfully submitted,
                                    BY HIS ATTORNEY,

_____
JAMES H. BUDREAU, BAR#553391
20 Park Plaza, Suite 905
Boston, MA          02116
(617) 227-3700

   I hereby certify that a true and correct copy of the foregoing document was served by hand on this 6th day August 2004 to Assistant U.S. Nadine Pellegrini by hand.

_____
James H. Budreau



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

July 30, 2004

James Budreau, Esq.
20 Park Plaza, Suite 905
Boston, MA 02116

    In re: <u>United States v. Kenneth Wagner</u>
          Criminal No. 03-10364-RWZ

Dear Mr. Budreau:

    In response to your letter dated July 21, 2004, I cannot agree to stipulate to the any part of the entry of the records you have provided as I would like to be able to ask some questions of the Keeper.

    With respect to witnesses, please be advised that the government does not expect that any of its witnesses will provide testimony within the meaning of F.R. Evid. 702, 703, or 704. While the government does expect that several of its witnesses will have particular knowledge based upon their respective employments, the witnesses are not offering either opinions or inferences.

    The government encloses a copy of its proposed witness list.

                             Very truly yours,

                             MICHAEL J. SULLIVAN
                             United States Attorney

            By: _____
                 Nadine Pellegrini
                 Assistant U.S. Attorney

Encl.

A

## AFFIDAVIT OF KENNETH WAGNER

I, Kenneth Wagner, do state and depose that the following is true and accurate:

1. My true name is Kenneth Wagner and I am a defendant in the instant federal case.

2. Sometime in May or June 2003, I was asked to provide my medical records to Dr. Clark, who is the Flight Surgeon for Logan Airport region of the Federal Aviation Administration.

3. It was my understanding that these records were to assist Dr. Clark in evaluating when I could return to work. I believed that these records were only being provided for that purpose and that if I failed to provide them Dr. Clark would not permit me to return to my job.

4. I did not understand that these records would be used for any other purpose or provided to anyone else other than Dr. Clark.

5. I also did not understand or believe that by signing a release for these records that I would be waiving the confidentiality of these records and my sessions with Dr. Weiner and Psychotherapist Chloe Konarski beyond the purpose identified in paragraph 3 above.

6. I am invoking my doctor/psychotherapist privilege and ask the Court to keep these documents and communications with Dr. Richard Weiner and Psychotherapist Chloe Konarski confidential.

Signed under pains and penalties of perjury,

_____
KENNETH WAGNER



OMB Approval
Not Required

**DEPARTMENT OF TRANSPORTATION**
**FEDERAL AVIATION ADMINISTRATION**
**AVIATION MEDICAL DIVISION, ANE-300**
**12 NEW ENGLAND EXECUTIVE PARK**
**BURLINGTON, MA   01803**

**AUTHORIZATION FOR THE RELEASE OF MEDICAL INFORMATION**
**TO THE FEDERAL AVIATION ADMINISTRATION (FAA)**

TO WHOM IT MAY CONCERN, **PLEASE PRINT**:

I, _KENNETH_ (FIRST) _JOSEPH_ (MIDDLE) _WAGNER_ (LAST)

born on _SEPTEMBER_ (Month) _26_ (Day) _1962_ (Year), at _OKLAHOMA CITY_ (City)

_OK_ (State or Country), presently residing at _465 LUNNS WAY_ (Current residence address), _PLYMOUTH_ (City), _MA_ (State), _02360_ (Zip Code)

hereby authorize any physician or other person who has attended, examined, or treated me, or any clinic, hospital, institution, company, or Federal, State, or municipal agency, office, or bureau which may have information concerning my medical history, to release to the Administrator of the FAA, or his medical representative, any available information or records concerning my medical history in their knowledge or possession.

This authorization is given pursuant to Title 14, Code of Federal Regulations (CFR), 67.413 which relates to the acquisition of medical information and airman medical certification (14 CFR 67). Alternatively, this authorization is given pursuant to Title 5 U.S.C  3301 which relates to FAA employee or employee applicant positions covered by medical standards found in Appendix 1 of FAA Order 3930.3A, Air Traffic Control Specialist Health Program. This information is necessary to determine whether I meet the applicable medical standards for an airman medical certificate or alternatively FAA medical clearance I hold or for which I have made application.

I have also been known by the following name(s): _____

_NONE_ (If none, state "None")

A reproduction of this authorization shall be deemed as effective and valid as the original.

(Signature) [signed]

(Date) _6/4/03_

**FURNISH SIGNED AND DATED COPY TO PHYSICIAN OR HOSPITAL WHEN REQUESTING COPIES OF RECORDS BE SENT TO THIS OFFICE. ANY EXPENSE INVOLVED IN PROVIDING THESE RECORDS IS THE RESPONSIBILITY OF THE APPLICANT–NOT THE FAA.**

FAA Form 8500-21 (9-96) SUPERSEDES PREVIOUS EDITION          OP-AC-1